UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN E BETTYS,<br><br>    Plaintiff,<br><br>    v.<br><br>BERNARD WARNER et al.,<br><br>    Defendants | CASE NO. C12-5619 RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br><br>AUGUST 17, 2012 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge, J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636 (b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

The Court recommends that this action be dismissed prior to service for two reasons: (1) plaintiff has failed to exhaust Washington State's prison grievance system prior to filing the action as required by the Prison Litigation Reform Act; (2) plaintiff is asking the Court to overturn a conviction in a civil rights action and he must seek this relief through habeas corpus. Plaintiff may be able to cure this second defect by amendment of the complaint, but he cannot

REPORT AND RECOMMENDATION - 1

cure the first defect. Therefore, the Court recommends dismissal without prejudice prior to service of process.

## DISCUSSION

1. Exhaustion of state remedies.

The Prison Litigation Reform Act ("PLRA") requires plaintiff to exhaust whatever administrative remedies are available to him prior to filing a complaint in federal court. The relevant portion of the Act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e (a).

The statute defines "prisoner" to include any person confined in a facility for a violation of criminal laws, including persons accused of or convicted of crimes. Here, plaintiff filed this action while incarcerated and the act applies to him. See 42 U.S.C. §1997e (h).

Having determined that the Act applies to plaintiff, it is clear he did not exhaust his available remedies and he makes that admission in the complaint (ECF No. 1, proposed complaint, page 2, section II C.) The action should be dismissed without prejudice so plaintiff may exhaust his claims. Until the claims are exhausted they may not be maintained in federal court. The Court recommends dismissal without prejudice.

2. Exhaustion of habeas corpus remedies.

In addition to the defect noted above, plaintiff is asking the Court to overturn a criminal conviction in this civil rights action (ECF No. 1, page 10, relief sought). If a plaintiff is challenging the very fact or duration of physical imprisonment, and the relief sought will determine whether plaintiff is or was entitled to immediate release or a speedier release from that

REPORT AND RECOMMENDATION - 2

imprisonment, plaintiff's sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The Court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' Id. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (quoting Edwards v. Balisok, 520 U.S. 641 (1997)). Here, plaintiff asks the Court to overturn a conviction. This relief plaintiff seeks brings the action under the purview of habeas corpus with its attendant exhaustion requirement. The Court recommends that this action be dismissed without prejudice.

The Court recommends that in forma pauperis status be revoked for purpose of appeal.

Pursuant to 28 U.S.C. § 636 (b) (1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636 (b) (1) (C). Accommodating the time limit

1  imposed by Fed. R. Civ. P. 72 (b), the clerk is directed to set the matter for consideration on

2  August 17, 2012, as noted in the caption.

3      Dated this 13th day of July, 2012.

                                            J. Richard Creatura
                                            United States Magistrate Judge